A. ALVAREZ & BROS., Petitioners, *v*. DISTRICT COURT OF SAN JUAN, JUDGE PABLO BERGA, Respondent.

No. 507. Argued February 8, 1926.—Decided March 26, 1926.

*Francisco Soto Gras* for the petitioners.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The record of action No. 241 brought in the District Court of San Juan by A. Alvarez & Brothers against Isidoro Mitchel for recovery of money and performance of contract was brought up to this court by virtue of a writ of certiorari issued at the request of A. Alvarez & Brothers and shows that on June 5, 1924, a judgment was rendered "ordering the

defendant to pay to the plaintiffs the sum of $1,057.75, with interest, costs, disbursements and attorney's fees''; that the said judgment was appealed from to this court and affirmed on August 1, 1925; that the plaintiffs did not file a memorandum of costs within the time prescribed by law; that on September 21, 1925, they moved the court for execution of the judgment and the motion was granted; that in compliance with the writ of execution a house of the defendant was sold by public auction on October 28, 1925, for $1,575; that the marshal deposited in the clerk's office of the court as the net proceeds of the sale the sum of $1,524.87; that on December 1, 1925, the plaintiffs filed a motion for payment of the judgment containing a paragraph reading ''That for the purpose of liquidating the judgment rendered by this court in an action for performance of contract the plaintiffs' claim is itemized as follows: Amount of the judgment, $1,057.75.—Interest to November 30, 1925, $185.24.—Paid to expert accountant, $25.—Filing complaint, $5.—Service of summons, $1.—Order of attachment, $3.—Docket fee, $5.—Record of attachment, $11.—Attorney's fees, $300.—Total, $1,589.99''; that the court sustained the motion as to the sum of $1,239.99, the amount of the judgment, and ''overruled it as to the other items for the reason that they were costs, expenses and fees which should have been claimed in a memorandum of costs''; that the plaintiffs moved the court to reconsider its ruling and the court granted that motion ''so that the parties may appear and argue the question fully, to which end the plaintiffs shall notify the defendant of the memorandum of December 1, 1925, and the defendant shall have five days for filing his objection thereto, after which period the said memorandum shall be submitted to the approval of the court by a setting on the special calendar''; that on January 4, 1926, the parties appeared before the district judge, the plaintiffs introduced evidence and the defendant opposed the motion on the ground that the plaintiffs were without right

because they did not file the memorandum of costs within ten days after receipt by the district court of the affirming judgment of the Supreme Court, and that after expressing in an opinion the reasons therefor the court again held that only the payment of the amount of the debt could be ordered and not the costs and attorney's fees.

The petitioners contend that the district court's judgment is erroneous because payment of the costs claimed by them was agreed to by contract, for which reason they were not bound to follow the procedure prescribed by law for cases wherein the payment of costs arises exclusively from the judgment.

Section 339 of the Code of Civil Procedure as amended in 1908 reads that "Costs shall be claimed by the party to whom the same have been allowed, by filing with the clerk of the court, within ten days after the final judgment or decision, a memorandum of his costs and necessary disbursements in the action and of the amount of the fees of his attorney. Said memorandum must be verified by the oath of the party or his attorney. . ."

The section then prescribes the procedure that must be followed for hearing the other party and finally ruling, and provides that an appeal may be taken from the ruling of the court. Nothing therein reveals that it is not a procedure applicable to all the cases in which the amount of the costs should be taxed after a judgment has been rendered, and in fact, as the trial judge says in his opinion, it is being applied to all cases in Porto Rico.

The fact that the payment of costs and attorney's fees was previously agreed upon by the parties in the contract does not mean that the question should not be submitted to the decision of the court. In conformity with the contract the costs and fees were claimed in the complaint in general terms, and as the violation of the contract was shown at the trial, one of the pronouncements of the judgment was that

the defendant should pay the said costs and fees, but without fixing the amount. ·

The procedure to be followed was prescribed by law and if the plaintiffs did not avail themselves of it they have nothing to complain of, for the opportunity was full and complete.

The decisions of this court cited by the petitioners do not decide this case definitely. It is established therein that when the payment of costs and fees is previously agreed upon by the parties the court must recognize the agreement, but that does not mean that the fixing of the amount when it is not determined by the judgment should not be made according to the procedure prescribed by law.

██ Outside of the decisions of this court the petitioners cite no jurisprudence. This matter of costs is very extensive. Corpus Juris, for instance, devotes more than three hundred pages to the subject in volume 15, where thousands of cases are cited. We quote therefrom the following:

"One entitled to costs may waive his right thereto, and the waiver may be either express or implied.

"The right to costs may be waived by failure to file application for costs within the time required by statute." 15 C.J. 106.

In the absence of pertinent citations in support of the contention of the petitioners we believe that the opinion of the trial court should be sustained.

The writ is discharged and the case remanded to the court below.